UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OWEN HARTY,**

    **Plaintiff,**

**v.**                                                                          Case No. 8:10-cv-2720-T-27TBM

**BAPUJI, INC.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable James D. Whittemore for a Report and Recommendation on **Plaintiff's Verified and Corrected Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses and Memorandum of Law** (Doc. 20), and Defendant's response in opposition (Doc. 24). By his motion, Plaintiff seeks an award of attorney's fees and costs totaling $18,652.00, as the prevailing party in this action. (Doc. 20 at 12-13). Plaintiff files verified time records, resumes, and cost billing records in support of his position. *See* (Docs. 19-1 through 19-6). In response, Defendant, Bapuji, Inc., does not challenge Plaintiff's entitlement to attorney's fees and costs, but argues that the hours expended were excessive, redundant or otherwise unnecessary, and thus the fees requested should be significantly reduced.

I.

A brief history of the case is useful. This litigation was initiated in December 2010 by the filing of a Complaint for injunctive relief by Plaintiff, Owen Harty, against Defendant,

Bapuji, Inc. By his complaint, Plaintiff alleged violations under the American's with Disabilities Act, 42 U.S.C. § 12181, et seq., (ADA) and the Florida Accessability Code (FAC).[1] (Doc. 1). Plaintiff is a resident of Broward County who is bound to ambulate in a wheelchair and thus qualifies as an individual with disabilities as defined by the ADA. Plaintiff alleged he visited Defendant's property, Days Inn Tampa, located at 2901 E. Busch Blvd., Tampa, Florida, and plans to return to the property. While at Defendant's property, he purportedly encountered architectural barriers which discriminate against him on the basis of his disability and have endangered his safety. Plaintiff's Complaint detailed a number of alleged violations of the ADA and FAC and sought a declaratory judgment that Defendant is in violation of Title III of the ADA and FAC. As a remedy, Plaintiff demanded the property be brought into compliance.

Defendant filed its Answer in February 2011 denying the majority of Plaintiff's allegations and raising two "affirmative defenses." (Doc. 8). However, Defendant's second affirmative defense states, "Defendant is prepared to remedy any and all ADA requirements provided Defendants are given a reasonable time to rectify all issues."

The parties submitted a joint Case Management Report and thereafter the court entered its scheduling order setting the trial on the court's November 2012 trial calendar and ordering the parties to mediate prior to the dispositive motion cut-off in July 2012. (Docs. 9, 10).

---

[1]Mr. Harty is an individual well known to this court having filed numerous ADA suits in the Middle District.

On June 2, 2011, Plaintiff moved for summary judgment. (Docs. 11, 12). In large part, Plaintiff relied upon admissions by the Defendant and a report from a defense expert. By its response to Plaintiff's motion for summary judgment, Defendant essentially outlined its efforts to investigate the complaint, settle the matter, and bring the property into compliance with the ADA.[2] Indeed, counsel urged that the only dispute was over a reasonable time frame to bring the property into compliance and Plaintiff's attorneys fees and costs. (Doc. 14).

On October 12, 2011, the Court entered an Order granting summary judgment in favor of Plaintiff and against Defendant, directing Defendant to bring its property into compliance within four months, finding Plaintiff to be entitled to his reasonable attorney's fees and costs, and reserving ruling on the amount of fees and costs to be awarded. (Doc. 17). The instant motion followed.

By his motion, Plaintiff seeks an award of $15,470.00 in attorney's fees based on an hourly rate of $350 per hour for 44.2 hours of attorney time; $356.00 in paralegal fees based upon an hourly rate of $115.00 for 3.1 hours of time; costs and expenses, including expert witness fees, in the amount of $2,076.00; and a re-inspection fee of $750.00. The total amount sought by Plaintiff's motion equals $18,652.00.

Defendant responds that prior to any discovery request, Defendant hired a qualified ADA compliance expert to do a full ADA inspection of the subject property. Plaintiff was

---

[2]Defendant admitted that its property was not in compliance with the ADA and acknowledged that it had obtained a full ADA inspection of the property by an expert who outlined any issues with compliance. The report was provided to Plaintiff along with Defendant's request for a reasonable time in which to complete all work necessary in order to bring the property into compliance.

3

made aware of the expert's findings within one month after filing of Defendant's answer to the Complaint. Defendant urges that its quick response was intended to resolve the matter in a quick and efficient manner to keep fees and costs to a minimum. Notwithstanding, Plaintiff proceeded forward with litigating the case and conducting discovery even after Defendant informed Plaintiff of the acknowledged violations and its intention to remedy same. Specifically, Defendant complains that experienced Plaintiff's counsel and paralegal purportedly spent thirteen hours drafting Plaintiff's summary judgment motion despite Defendant's concession as to the violations. Thus, Defendant urges the time spent is excessive and should be reduced. I agree.

II.

The ADA allows for the discretionary award of reasonable attorneys' fees and litigation expenses and costs to prevailing parties. 42 U.S.C. § 12205. A plaintiff is considered a "prevailing party" under this provision when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

The starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors. *See Norman*, 836 F.2d at 1299.[3]

III.

Plaintiff seeks an hourly rate of $350.00 per hour for both counsel. As evidenced by their submission, both counsel are experienced attorneys with considerable experience in this area of the law. A review of orders entered in other similar cases reveals that this hourly rate has been awarded to such experienced counsel. The hourly rate is not challenged by Defendant. While I am troubled by the time expended in this case, a portion of which appears

---

[3]In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

unnecessary, the hourly rate requested per attorney is reasonable and appropriate. On the other hand, I find the hourly rate of $115.00 per hour for paralegal work on the upper end of the range for such work in this market and too high for the type of work here performed. Thus, I find an hourly rate of $90.00 per hour the appropriate rate for the paralegal work performed in this case.

As for the hours expended, Plaintiff itemizes 44.2 hours billed by his two counsel.[4] After full consideration of the course of proceedings and a review of the pleadings, I find the hours expended excessive such that a reduction in total hours should be made. With all due respect to counsel, this case was neither unique nor complex and the legal work performed competent but without distinction. Plaintiff's complaint alleges standard Title III violations with the addition of particulars apparently drawn from an expert's report about this property. Significantly, there are in excess of fifty pending or former cases filed by this Plaintiff in the Middle District of Florida which utilize a similar form Complaint.[5]

By my consideration, most of the work after the filing of the Complaint and complying with the court's case management requirements was unnecessary. From the filing of its Answer, the Defendant made known its desire to settle the case rather than litigate it. To

---

[4]While it is not entirely clear from the pleadings, it appears that Mr. Bacon had initial contact with the Plaintiff and expert while Mr. Cullen drafted the Complaint and handled the file thereafter.

[5]In reviewing other cases, it appears that the only material difference in the form Complaint employed appears at paragraph 10 which details the specific alleged ADA violations for a particular defendant property. Here, Counsel bills one hour for preparation of what appears the commonly employed form Complaint, and while I have given counsel the benefit of the doubt on this time entry and do not recommend a reduction of same, even an hour seems excessive given the form-driven nature of pleadings in these types of cases.

that end, the Defendant promptly hired its own ADA expert to investigate and identify compliance issues. That expert's report was promptly shared with Plaintiff's counsel even before Plaintiff initiated discovery. Nonetheless, Plaintiff pursued discovery. Thereafter, Plaintiff filed a motion for summary judgment which merely recited Defendant's admissions and statements from Defendant's expert report. As with the Complaint, the motion for summary judgment and supporting legal memorandum appear virtually identical to pleadings filed in other ADA cases initiated by this Plaintiff and his counsel. *See, e.g., Harty v. Orlando Crossings, Inc.*, Case No. 6:10-cv-986-Orl-31KRS. Thus, while Plaintiff was the prevailing party, such was never in doubt and by my consideration the case could have and should have been resolved without the expenditure of 44.2 hours of legal work.

A review of these 44.2 hours of "legal" work suggests several conclusions. First, it appears to me that counsel lists an inordinate amount of time "reviewing" simple administrative matters as well as his file to determine "case status" which necessitate a **1.2** reduction in hours.[6] In my view, reasonable counsel, in the exercise of good billing judgment, would not bill their client for such busy work. Furthermore, it appears that counsel and his paralegal seek to bill for duplicate work related to the summons and service of process, work generally performed by clerical staff. In that regard, another **1.2** hours of counsel's time is appropriately stricken because duplicative of work billed by the paralegal and/or because such

---

[6]By my consideration, counsel's time totaling .6 hours billed on 11/28/2010 and 11/30/2010 for reviewing fee agreement matters are administrative-type functions not appropriate to be paid by Defendant. Similarly, counsel's generic case status review entries on 1/1/2011; 1/22/2011; and 7/1/2011, totaling .6 hours are not appropriately billed in the exercise of good billing judgment.

was secretarial work in nature and not appropriately billed by experienced trial counsel.[7] As for the paralegal's preparation of the pleadings for filing with the court, the entries on 12/4/2010 and 12/13/2010 appear duplicative and accordingly **.5** hours of her time should be reduced. Counsel's billing of 4 hours for preparation of what appears standard oft-used form discovery also seems excessive given the form nature of the pleadings in these types of cases. Such amount should be reduced by **2** hours. As noted above, it is unclear why mediation was not conducted prior to the dispositive motion being filed in light of Defendant's admissions in its answer. However, even assuming that it was necessary for Plaintiff to file the motion for summary judgment, it is inconceivable that it took experienced counsel 8.3 hours to prepare this six-page motion (as reflected on time entries for 5/26/2011 and 6/2/2011) and another 4 hours (on 6/2/2011) to prepare the memorandum of law where these same pleadings, in nearly identical format, have been utilized by this Plaintiff and his counsel in similar ADA cases.[8] A substantial reduction is in order and I recommend that these hours be reduce by at least 50% or **6.2** hours for this work is appropriate given the form-driven and duplicative nature of these pleadings. On top of this, counsel seeks 1.2 hours of paralegal time for "preparation and filing

---

[7]These entries include preparation of cover sheet (.2) and correspondence with clerk (.2) on 12/4/2010; prepare summons and complaint for service (.3) and letter to process server (.4) on 12/13/2010; review of clerk's notice of receipt of motion for additional time (.1) on 1/10/2011.

[8]These type cases offer up repetitive and form-based arguments and pleadings that are used interchangeably with each new suit. As noted above, Plaintiff and his counsel have previously employed a similar motion for summary judgment and memorandum of law in the case of *Harty v. Orlando Crossings, Inc.*, No. 6:10-cv-986-Orl-31KRS. Additionally, similar motions and memoranda have been filed by counsel in other ADA cases as well. *See, e.g., Access 4 All, Inc. v. Lichtigman*, No. 6:10-cv-1202-ORL-35DAB; *Harty v. S.T.F. Invs., LLC*, No. 6:10-cv-1312-ORL-28DAB; *Harty v. Mal-Motels, Inc.*, No. 6:10-cv-1333-ORL-28GJK.

summary judgment package" electronically, which by any consideration appears excessive, duplicative, and secretarial in nature. As for this paralegal work, I recommend a reduction of same by **.6** hours. In sum, while I do not begrudge counsel a fair fee for their work, the case simply does not merit the award sought. Accordingly, I recommend that the attorney hours be reduced by a total of 10.6 hours and the paralegal time reduced 1.1 hours. The net result of these reductions results in a fee award of $11,940.[9]

On the matter of costs and expenses, Plaintiff seeks $501.00 for copies, postage, database search, and process server; $1,575.00 in expert witness fee; and $750.00 for a reinspection fee. (Doc. 19-3 at 9). Defendant's response does not specifically address the costs sought to be recovered, but rather makes a general statement that it attempted to resolve the case in a quick and efficient manner in order to keep fees and costs to a minimum.

> Under 28 U.S.C. § 1920, a court may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> > (3) Fees and disbursements for printing and witnesses;
> > (4) Fees for exemplification and the costs of any materials where the copies are necessarily obtained for use in the case;
> > (5) Docket fees under section 1923 of this title;
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Generally, the Eleventh Circuit does not recognize overhead-type expenses such as postage, computerized research, and general copying as recoverable costs under

---

[9] Attorney hours reduced from 44.2 to 33.6 at a rate of $350.00 per hour equals $11,760. Paralegal hours reduced from 3.1 hours to 2 hours at a rate of $90.00 equals $180.00. $11,760 + $180 = $11,940.

9

§ 1920. *See Duckworth*, 97 F.3d at 1399. That appears appropriate here particularly given the lack of supporting invoices or documentation. Further, while private process server fees are recoverable, such is appropriately reimbursed at the same rate charged by the United States Marshal. *See* 28 U.S.C. § 1921. The United States Marshal Service charges $55.00 for service of process. Thus, I would recommend an award of $405.00 which represents $350.00 for the filing fee and $55.00 for the process server fee.

As for the expert fee sought, such fees have been found recoverable as "litigation expenses" in Title III cases. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) ("litigation expenses" include expert fees). In that regard, 42 U.S.C. § 12205 provides, in pertinent part, that a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Thus, the court has discretion to award reasonable litigation expenses and costs that fall outside of § 1920. Here, the Plaintiff has included an invoice from his ADA expert reflecting charges of $1,575.00 for 9 hours of work at a rate of $175.00 per hour. Courts in the Middle District of Florida have awarded such experts $100.00 to 150.00 per hour for this type of work. *See, e.g., Harty v. Kimco Lakeland 123, Inc.*, No. 8:09-cv-2597-T-30TGW; *Access for the Disabled, Inc. v. Missouri Mart*, No. 8:05-cv-392-T-23MSS; *Access for the Disabled, Inc. v. CSM Prop. Partnership*, No. 8:04-cv-1165-T-24MAP. In light of this, I find an hourly rate of $150.00 to be a reasonable rate for the work done here under the circumstances. Accordingly, I recommend an award of $1,350.00 for the expert fee which represents 9 hours at $150.00 per hour.

As for the $750.00 reinspection fee, from all that appears, that fee has not been incurred and Plaintiff has not provided any indication that such will occur. Nor has Plaintiff submitted a proposed invoice or any documentation to identify the hourly rate or anticipated time such reinspection would take. Given the lack of evidentiary support for the purported reinspection, I recommend the $750.00 reinspection fee be denied. In sum, Plaintiff should be awarded $1,755.00 in costs and expenses.[10]

IV.

Accordingly, it is recommended that Plaintiff's Motion for Award of Attorney Fees and Costs (Doc. 20) be **granted in part** to the extent that Plaintiff be awarded his reasonable attorney's fees in the amount of $11,940.00 and costs in the amount of $1,755.00. In all other respects, it is recommended that Plaintiff's motion (Doc. 20) be **denied**.

Respectfully submitted on this
17th day of May 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[10] $1350 + $405 = $1,755.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
Honorable James D. Whittemore, United States District Judge
Counsel of Record